IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DON ABREU,

    Plaintiff,

Vs.                                                        No. CIV-03-1468 RB/RHS

MORA-SAN MIGUEL ELECTRIC
COOPERATIVE, INC., MORA COUNTY
SHERIFF'S OFFICE, FOURTH JUDICIAL
DISTRICT ATTORNEYS OFFICE, LUCERO
PROFESSIONAL SERVICES, LTD., CARL
ARMIJO, in his official and individual capacity,
ERNESTO GONZALES, LEVI ALCON, AND YVETTE ALCON,

    Defendants.

**DEFENDANTS' MORA-SAN MIGUEL ELECTRIC COOPERATIVE, INC., ERNESTO GONZALES, LEVI ALCON AND YVETTE ALCON'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BARRING RECOVERY OF DAMAGES FOR LOST WAGES/BENEFITS BASED UPON A FAILURE TO MITIGATE DAMAGES**

In support of their Motion for Summary Judgment Barring Recovery of Damages for Lost Wages/Benefits based upon a Failure to Mitigate Damages, Coop Defendants state as follows:

          I.      Statement of Material Facts

For purposes of this motion for summary judgment only, the following facts are not disputed:

1. Plaintiff was terminated from employment with the Mora-San Miguel Coop on November 14, 2003. See Plaintiff's Complaint, para. 37.

2. From the date of his termination until January, 2004 Plaintiff did not look for a job as he was not in any hurry to do so.  See Exhibit A, Deposition of Plaintiff, p. 77, l. 19-25; p. 78, l. 1.

3. Power companies in the area around Plaintiff that have jobs similar to the position Plaintiff held with Mora-San Miguel Coop are Central New Mexico Coop, Springer Electric Coop, Kit Carson, PNM and Tri States.  See Exhibit A, p. 95, l. 7-10.

4. Plaintiff has not applied for a position with PNM or talked to anyone at PNM, although he is aware of job openings at PNM out of town.  See Exhibit A, p. 92, l. 2-25; p. 93, l. 1-2.

5. Plaintiff has not talked with Kit Carson.  See Exhibit A, p. 94, l. 5-6.

6. Plaintiff has not checked with Central Electric regarding positions.  See Exhibit A, p. 95, l. 1-5.

7. Springer Electric has an opening for a position in a lower pay scale.  See Exhibit A, p. 93, l. 19-20.

8. Tri State electric has a journeyman position open in Rio Rancho.  See Exhibit A, p. 94, l. 11-18.

9. Plaintiff has not talked to people that he knows who work for other electric companies about employment opportunities.  See Exhibit A, p. 93, l. 21-25; p. 94, l. 1-4.

10. Plaintiff has applied for non-lineman type jobs in Albuquerque.  See Exhibit A, p. 96, l. 10-18; p. 99, l. 20-25.

11. Plaintiff was offered a driver position at Rocky Road Gravel Products.  <u>See</u> Exhibit A, p. 97, l. 21-25; p. 98, l. 1-4.

II.    <u>Background of the Case</u>

On December 2, 2003 Plaintiff filed his Complaint entitled "Complaint for Damages from Breaches of Express and Implied Contracts, Retaliatory Discharge, Prima Facie Tort, Violations of the United States Constitution, Conspiracy, Violations of the Employee Polygraph Protection Act, Breach of the Covenant of Good Faith and Fair Dealing, Defamation, Negligence and Violations of the New Mexico Tort Claims Act," in the Fourth Judicial District Court for the State of New Mexico.  On December 29, 2003 Plaintiff's Complaint was removed to the United States District Court for the District of New Mexico.

Plaintiff's Complaint contains fourteen causes of action, twelve of which are brought against either Defendant Coop, or Defendants Gonzales or the Alcons.  Those twelve causes of action are entitled:    (1) Breach of an Express Contract of Employment; (2) Breach of an Implied Contract of Employment; (3) Retaliatory Discharge; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Prima Facie Tort; (6) Violations of the Employee Polygraph Protection Act; (7) Defamation; (8) Defamation Per Se; (9) 42 U.S.C. 1983 Conspiracy; (10) 42 U.S.C. 1983 Substantive Due Process Property Interest; (11) 42 U.S.C. 1983 Substantive Due Process Liberty Interest; and (12) 42 U.S.C. 1983 Procedural Due Process.  For the causes of action for breach of contract, retaliatory discharge, breach of covenant of good faith and fair dealing, violation

of the Employee Polygraph Protection Act and defamation, Plaintiff specifically seeks damages for lost wages and benefits.  <u>See</u> Complaint, para. 45, 51, 57, 64, 77, 84 and 101.  With respect to Plaintiff's constitutional claims, it is implicit that these claims also seek damages for lost wages and benefits as Plaintiff seeks either compensatory damages or all relief available.  <u>See</u> Complaint, para. 107, 112 and 118.

On November 14, 2003 Plaintiff was terminated from his position at the Mora-San-Miguel Coop as a line superintendent.  Upon his termination Plaintiff did not seek any other employment until January, 2004.  At his deposition Plaintiff testified that there are five employers in his area that might have positions comparable to the one he held at the Coop; however, Plaintiff has only contacted three of these five prospective employers.  With respect to the two employers that he did contact, Plaintiff did not pursue the opportunities available at the two prospective employers.  Further, Plaintiff has not contacted his peers at other electric companies to ask about employment opportunities, nor has he pursued available openings at comparable employers out of town.  As such, summary judgment is appropriately entered barring Plaintiff's recovery of any damages for lost wages and benefits as Plaintiff has failed to mitigate his damages.

### III. <u>Argument</u>

One claiming damages for losses such as back pay must make a reasonable and good faith effort to mitigate those damages.  <u>Minshall v. McGraw Hill Broadcasting Co., Inc</u>., 323 F.3d 1273, 1287 (10th Cir.2003), citing <u>Spulak v. K</u>

Mart Corp., 894 F.2d 1150, 1158 (10th Cir.1990). The burden is on the employer to establish that the claimant did not exercise reasonable diligence. Spulak, 894 F.2d 1150, 1158 (10th Cir.1990), citing United States v. Lee Way Motor Freight, Inc., 625 F.2d 918, 937 (10th Cir.1979).

Here, it is undisputed that for the first two months after his termination Plaintiff did not look for any jobs. Plaintiff's complete failure to look for any employment shows a lack of any diligence on his part, let alone reasonable diligence. Thus, at a minimum, summary judgment is appropriately entered barring Plaintiff from recovering damages for lost wages/benefits for that two month period.

Additionally, Plaintiff testified at his deposition that there are five prospective employers in his current geographical area that might have positions comparable to the one he held at the Coop. The prospective employers are: PNM, Central New Mexico Coop, Springer Electric Coop, Kit Carson, and Tri States; however, as of May 31, 2004, the date of his deposition, Plaintiff had not contacted three of these five prospective employers. This, despite the fact that Plaintiff testified at his deposition that PNM, whom he has not contacted, has openings, including possibly in Santa Fe. Plaintiff's deposition testimony demonstrates his willingness to work in other locations as he has applied for several non-lineman type jobs in Albuquerque, so it makes little sense that he has failed to pursue employment with PNM, a comparable employer, whom he knows to have openings.

With respect to the two employers in his area that he did contact, Springer Electric Coop and Tri States, one had a position available in Rio Rancho and one had a position open at a lower pay scale. Plaintiff did not pursue either opportunity. Further, Plaintiff has not contacted his peers at other electric companies to ask about employment opportunities.

At the time of his deposition on May 31, 2004 Plaintiff had been "looking" for employment for five months, but had failed to contact three of the five potential comparable employers in his area. In light of the fact that Plaintiff's own testimony is that the pool of comparable employers consists of five employers, his failure to make contact with all five over a five month period of time clearly demonstrates a lack of reasonable diligence. Perhaps it would be expecting too much to make contact with all five employers in one day, but certainly a few weeks are adequate. Based upon Plaintiff's own deposition testimony, Plaintiff should be barred from any award of damages for lost wages/benefits as he has failed to exercise reasonable diligence in obtaining employment and has failed to accept the one offer of employment that he did receive which would help to mitigate his damages. See attached case, Sanchez v. Mora-San Miguel Electric Co-op, Inc., 1999 WL 176151 (10th Cir.1999, unpublished opinion) (Upholding district court's finding that as a matter of law plaintiff failed to make reasonable efforts to mitigate damages as shown by making four phone calls, giving resume to one employer and not seeking comparable employment in any geographical area thereby limiting an award of damages for breach of contract).

6

IV.  Conclusion

Plaintiff's efforts at obtaining comparable employment fall far short of reasonable diligence as evidenced by his failure to make contact with three of five employers potentially offering comparable employment.  Further, Plaintiff has failed to accept any offers of employment that would mitigate his damages.  As such, summary judgment should be entered barring Plaintiff from recovering damages for lost wages/benefits.

Respectfully Submitted,

BEALL & BIEHLER

By: __**E – File  Only**__
GREGORY L. BIEHLER
Attorneys for Defendants
Mora San-Miguel Electric Coop Inc.,
Ernesto Gonzales, Levi Alcon and Yvette Alcon
6715 Academy Road NE
Albuquerque, NM  87109
(505) 828-3600
(505) 828-3900 (FAX)

I hereby certify that a true and
Correct copy of the foregoing
was mailed to:

Michael E. Mozes
Law Offices of Michael E. Mozes, P.C.
5732 Osuna Road NE
Albuquerque, NM 87109

7

Jerry A. Walz
12009 Highway 14 N.
Cedar Crest, NM 87008-9405

David A. Rammelkamp
Shari L. Cordova
KELLY, RAMMELKAMP & MUEHLENWEG, P.A.
P. O. Box 25127
Albuquerque, NM 87125-5127

on this 21st day of September, 2004.

　　**E – File  Only**　　
GREGORY L. BIEHLER